# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1137V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                      *
PITEY MORGAN,                         *      Special Master Corcoran
                                      *
              Petitioner,             *      Filed: January 23, 2017
                                      *
       v.                             *      Interim Attorney's Fees and
                                      *      Costs; Influenza ("flu"); Transverse
SECRETARY OF HEALTH                   *      Myelitis ("TM").
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for Petitioner,

*Amy Kokot,* U.S. Dep't of Justice, Washington, DC, for Respondent.


**DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]**

On October 7, 2015, Pitey Morgan filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that as a result of receiving the influenza vaccine on October 16, 2012, he developed transverse myelitis ("TM"). *See* Petition at 1, filed October 7, 2015 (ECF No. 1). After the filing of numerous medical records, and Respondent's lodging her reaction to the claim in the Rule 4(c) Report ("Report"), the parties have entered into settlement discussions.

---

[1] Although I have not designated this decision for publication, because it contains a reasoned explanation for my actions in this case, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now stated that the law firm of Conway, Homer, P.C. ("the Homer Firm") is withdrawing as counsel in this matter, to be replaced by Sylvia Chin-Caplan (a former partner at the Homer Firm).[3] In connection with that change in counsel, Petitioner requests an interim award of attorney's fees and costs in the total amount of $34,847.90 for the Homer Firm's work on the matter to date. *See* Petitioner's Application for Award of Interim Attorney's Fees and Reimbursement of Costs, dated December 21, 2016 (ECF No. 22) ("Fees App."). Respondent has filed a document offering no particular objections to the interim fees request, and otherwise deferring to my discretion in determining if an interim fees award is warranted at this juncture. *See* Response to Fee App., dated January 4, 2017 (ECF No. 25). As discussed below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs of **$29,646.40.**

## FEES REQUEST

Petitioner's Fees Application includes attorney invoices, and those records (which begin in March 2015) illuminate counsel's conduct throughout the relevant period. *See generally* Fees App., Tab A. The attorney billing records indicate that the work was divided between Ms. Ciampolilo, Mr. Pepper, Mr. Homer, Ms. Chin-Caplan, and some Homer Firm paralegals. *Id.* The Fees Application also includes the hours billed by Petitioner's prior attorney at the law firm of Gruel Mills Nims & Pylman, PLLC ("Gruel Mills").[4] Fees App., Tab C and Tab D. The Gruel Mills attorney never entered an appearance in the case, although it does appear he billed for work from June of 2014 to March of 2015.

The petition was filed in October 2015, seven months after the Homer Firm was retained for the case, and more than a year after Gruel Mills began work on the case. Thereafter, Mr. Morgan began gathering and filing relevant medical records, and a statement of completion was filed on March 7, 2016. Respondent filed her Rule 4(c) Report on May 6, 2016, asserting that the case was not appropriate for compensation because, among other things, Petitioner's theory was based primarily on the timing of the vaccine and injury. *See generally* Report (ECF No. 14).

Shortly after the Respondent's Report was filed, I ordered Petitioner to file an expert report. *See* Non-PDF Scheduling Order, dated May 16, 2016. The deadline for filing such a report was July, but I granted two extensions of time, and the expert report of Dr. Carlo Tornatore was filed on October 27, 2016. The parties participated in a status conference on November 8, 2016, at which

---

[3] The same day the Fees Application was filed, on December 21, 2016, a consented to motion to substitute Ms. Chin-Caplan as the attorney of record was filed. *See* Consented to Motion to Substitute Attorney, filed on December 21, 2016 (ECF No. 23).

[4] It is unclear from the invoice from Gruel Mills the specific identity of the attorney responsible for this matter; the only indication of the name are the initials "SRM". Because there is no denotation for those initials, I will refer to this work done as work done by the Gruel Mills firm generally. Fees App. Tab C at 1.

time I set January 13, 2017 as the deadline for Respondent to file her expert report. That deadline is currently suspended, pending the settlement negotiations of the parties.

Petitioner's Fees Application requested compensation for the Homer Firm, in the total sum of $17,549.00, for work performed from March 2015 to December 2016 at an hourly rate of $300 for Ms. Ciampolilo, $290 for Mr. Pepper, $400 for Mr. Homer and Ms. Chin-Caplan, and $135 for the paralegals. Fees App., Tab A. Petitioner also seeks to recover $10,158.72 in costs, including the initial filing fee and document collection, photocopying costs, and expert costs for Dr. Tornatore ($400/hour). Fees App., Tab B. *See Jaffri v. Sec'y of Health & Human Servs.,* No. 13-484, 2016 WL 7319407 at *8 (Sept. 30, 2016)(awarding $400 per hour for the services performed by Dr. Tornatore). Petitioner also asked for the attorney's fees of $3,303.00 (billed by Gruel Mills at a rate of $300 per hour). The Gruel Mills invoice includes the bill for Dr. Julius Birnbaum (a medical expert whose report has not yet been filed in this case) for 355 minutes of work at a rate of $600/hour for a total of $3,550. Fees App., Tab D. The invoice associated with this work largely appears to reflect records review. *Id.* Finally, the Gruel Mills invoice includes $287.18 in charges for photocopies, postage, and copies of medical records. Fees App., Tab C at 2.

**ANALYSIS**

I.      **Propriety of Interim Award Generally in This Case.**

I have previously discussed at length the legal standards, and other relevant considerations, applicable to interim fees requests. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016). The best way of evaluating the propriety of an interim award is by considering all the factors together and balancing them out. *See, e.g.*, *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5-6 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In addition, as numerous special masters have observed, an attorney's withdrawal can be an appropriate occasion for an interim award, even though it is not automatically so. *Smirniotis v. Sec'y of Health & Human Servs.*, No. 14-617V, 2016 WL 859057, at *2 (Fed. Cl. Spec. Mstr. Feb. 12, 2016) (citations omitted).

Overall, I find that this case's circumstances justify an interim award. Compensating withdrawing counsel assists the efficient resolution of a matter, taking off the table an issue that would inevitably have to be addressed at a later date. I also do not find that withdrawal here is a signal of the claim's weakness. Indeed, this is not a case in which the underlying claim's reasonable basis has been called into question, nor has Respondent otherwise objected to the magnitude of fees and costs requested. In the exercise of my discretion, I find it appropriate to pay withdrawing counsel under such circumstances.

**II.     Evaluation of Amounts Requested for Petitioner's Attorneys and Costs**

I have determined in prior cases that the Homer Firm is entitled to forum rates, and thus I find that the hourly rates requested are reasonable. *See Barrett v. Sec'y of Health & Human Servs.*, No. 09-389, 2014 WL 2505689 at *8 (May 13, 2014). I also award all time billed to the matter by the Homer firm. Based on a general review of the timesheets submitted, it appears the tasks performed on the case to date were reasonable. I will similarly award all categories of costs requested herein as invoiced by the Homer firm. The copying, filing, and other litigation-related costs are also reasonable, unopposed in substance by Respondent, and thus included in my award.

I will not however, award full attorney's fees for the work performed by prior counsel at Gruel Mills. The invoices relating to this work provide very little information on the attorney who provided the services, thus it is difficult to determine what rate should be applied to each relevant attorney. *See e.g.* Fees App., Tab C. In addition, the invoice has charges for research into the Vaccine Program, which is not compensable attorney time. *See* Fees App., Tab C at 1. I also question the usefulness of the work overall, given that it was performed about a year prior to the Homer Firm's involvement - and yet the petition filed by the Homer firm was a mere one and a half pages.

Given the above, Mr. Morgan has simply not established why an entitlement to full fees associated with Gruel Mills is appropriate. Rather, I find that "rough justice" can be achieved in this case by cutting the attorney's fees billed by Gruel Mills in half, resulting in a total of **$1,651.50** ($3,303.00/2= $1,651.50)**.**

The expert costs incurred by Gruel Mills will also be reduced. While I will award the full costs for obtaining medical records and copying such records, I will not at this time award costs for the expert retained by Gruel Mills, Dr. Birnbaum.[5] Petitioner has not established why review of medical records was required and he has not shown that the Homer Firm utilized this work. In addition, the $600 rate is grossly higher than most I have previously awarded experts for records review. *See e.g. Lemaire v. Sec'y of Health & Human Servs.,* No. 13-681, 2016 WL 5224400 (Aug. 12, 2016). Thus the total amount to be awarded for the costs expended by Gruel Mills is **$287.18** ($3,837.18-$3,550.00= 287.18).

---

[5] I will allow Petitioner to renew his request for fees for Dr. Birnbaum in his final fees and costs motion, if Petitioner explains why the costs for Dr. Birnbaum should be awarded.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees and Costs, as follows below.

|  | Amount Requested | Reduction | Total |
|---|---|---|---|
| The Homer Firm Attorney's Fees | $17,549.00 | None | $17,549.00 |
| The Homer Firm Costs | $10,158.72 | None | $10,158.72 |
| Gruel Mills Fees | $3,303.00 | $1,651.50 | $1,651.50 |
| Gruel Mills Costs | $3,837.18 | $3,550.00 | $287.18 |
| **Total Fees and Costs Requested** | **$34,847.90** | **$5,201.50** | **$29,646.40** |

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.