# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1137V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| PITEY MORGAN | * | |
| | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| | * | Filed: September 24, 2021 |
| v. | * | |
| | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Sylvia Chin-Caplan*, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for Petitioner.

*Zoe Wade*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On October 7, 2015, Pitey Morgan filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Mr. Morgan alleged that he developed longitudinally extensive transverse myelitis due to the influenza vaccine he received on October 16, 2012. Petition (ECF No. 1) at 1. After the claim was litigated for several years, I held a hearing in the matter in January 2019, and thereafter issued a decision denying entitlement to compensation. *See* Decision, dated December 4, 2019 (ECF No. 68) (the "Decision"). Petitioner subsequently filed a motion for review of my decision on January 3, 2020 (ECF No. 48), but it was

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

denied. *See* Opinion and Order, dated June 2, 2020 (ECF No. 74). Petitioner then sought appeal on August 3, 2020, to the U.S. Court of Appeals for the Federal Circuit, but it affirmed my prior determination. *See* Decision, dated March 24, 2021 (ECF No. 81).

Petitioner was previously granted an interim fees award in January 2017 (ECF No. 27). He has now filed a motion for a final award of attorney's fees and costs. Motion, dated September 22, 2021 (ECF No. 84). Petitioner requests a final award of $138,106.49 in attorney's fees and costs for the work of two attorneys, Ms. Sylvia Chin-Caplan and Mr. Timothy Mason, plus a paralegal. *Id.* at 1. Respondent reacted to the fees request on September 23, 2021. *See* Response, dated September 23, 2021 (ECF No. 85). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$138,103.39**.

## ANALYSIS

I.  **Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case, but only if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020).

In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed.

Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

Here, although Petitioner's claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle him to fees and costs award. The claim offered a reasonably-sound medical concept to support the causation and/or significant aggravation theories. Petitioner's good faith arguments were backed by support in the medical records, which reveal he did experience injuries akin to what is alleged in the post-vaccination timeframe, and also fairly-disputed fact issues about the nature of his illness. And even though I did not find his theory overall to be persuasive or reliably-established, it had many items of reliable support, and was bulwarked by a reasonable expert opinion. Accordingly, a final award of fees and costs in this matter is appropriate.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for their attorneys, based on the year in which work was performed:

|  | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|---|
| **Ms. Sylvia Chin-Caplan** | $400.00 | $414.00 | $429.00 | $445.00 | $445.00 | $458.00 |
| **Mr. Timothy Mason** | - | $225.00 | $238.00 | $247.00 | $253.00 | $261.00 |
| **Paralegal** | - | $145.00 | $145.00 | $145.00 | $150.00 | $150.00 |

ECF No. 84 at 4-37.

Ms. Chin-Caplan practices in Boston, Massachusetts - a jurisdiction that has been deemed "in forum. Accordingly, she and Mr. Mason are entitled to the rates established in *McCulloch*. *See Jaffri v. Se'y of Health & Human Servs.*, No. 13-484V, 2016 WL 7319407, at *5–6 (Fed. Cl. Spec. Mstr. Sept. 30, 2016). The rates requested for Ms. Chin-Caplan are also consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule.[4] *Nunez v. Sec'y of Health & Hum. Servs.,* No. 14-863V, 2021 WL 3910605, at *2 (Fed. Cl. Spec. Mstr. July 27, 2021). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter (which includes the various appeals) reasonable.

One small adjustment to attorney time is called for, however. For time billed on January 15, 2017, there is a misapplied rate for Ms. Chin-Caplan in the entry titled "A107 Communicate (other) email expert" that uses her 2019 hourly rate of $445.00, instead of her 2017 rate of $414.00. ECF No. 84 at 5. Therefore, instead of a total of $44.50 for that entry (since it was only a tenth of an hour), the correct total is $41.40, a difference of $3.10. This results in a small reduction of awardable fees to $129,911.05, for all work performed on the case. It is noted that Ms. Chin-Caplan did not change her 2017 billing rate until February 3, 2017, but her rates for 2017 at $414.00 are appropriate.

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $8,192.34 in costs incurred since the claim's filing, including medical record retrieval costs and fees for the work of expert Dr. Carlo Tornatore, M.D. ECF No. 18, Ex. 24; ECF No. 36; Ex. 47. Dr. Tornatore charged $400.00 per hour and received $5,920.00 for his services in providing an expert report, supplemental expert report, and testifying at the hearing. *Id.* I find Dr. Tornatore's services to have assisted resolution of the matter, and find no reason to make any reductions for his rate or time spent on the case. Medical record retrieval costs are typical in Program cases and are thus eligible for reimbursement and I do not find any of the requested costs in this matter unreasonable. Mailing and Distribution costs are also typical, and I do not find any of those costs unreasonable. Thus, they shall also be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$138,103.39,** reflecting $129,911.05 in attorney's fees and $8,192.34 in attorneys' costs, in the form of a check made jointly payable to Petitioner and her attorney Ms. Sylvia Chin-Caplan.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.